BENJAMIN LINDAUER

*v.*

JAMES PEASE.

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*certificate of importance must be procured and appeal allowed within time fixed by law.* If a case is not appealable without a certificate of importance by the Appellate Court, the obtaining of such certificate is a condition precedent to the right to an appeal; and the certificate must be procured and the appeal allowed not more than twenty days after entry of judgment.

2. SAME—*provision for certificate of importance does not extend time for taking appeal.* The provision for a certificate of importance does not extend the time for taking an appeal, but it must be procured within the time allowed by statute for taking an appeal.

3. JUDGMENTS AND DECREES—*nunc pro tunc order cannot supply an omission to make an order.* A *nunc pro tunc* order cannot be made to cure the failure to make an order, but only to supply some omission in the record of an order already made.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

BINSWANGER & JACKSON, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee has entered his motion to dismiss the appeal in this case for want of jurisdiction.

The suit is in replevin, and was begun by appellant, against appellee, in the circuit court of Cook county, by the filing of an affidavit stating the value of the property described in the writ and about to be replevied to be $750. Appellant was defeated upon a trial and there was a verdict and judgment for the appellee. On appeal to the Appellate Court the judgment was affirmed on March 5, 1901. Appellant filed his motion on March 14, 1901, in the Appellate Court, for a further appeal to this court. On March 18, 1901, the Appellate Court allowed the appeal prayed for. On March 25, 1901, appellant filed his motion in the Appellate Court for a certificate that the case involved questions of law of such importance that it should be passed upon by this court. That was the last day for the making of such certificate and the allowance of an appeal, but no action was taken on the motion. On March 28, 1901, the Appellate Court vacated the order entered March 18, 1901, granting an appeal, and granted the certificate of importance asked for, and thereupon allowed an appeal upon appellant filing a bond within twenty days. It was further ordered that the said order should be entered *nunc pro tunc* as of March 25, 1901. This order was made twenty-three days after the entry of judgment in the Appellate Court. The bond was filed and approved. On June 17, 1901, after the appeal was pending in this court, the Appellate Court, on motion of appellant, amended its order of March 28, 1901, by adding a recital that the motion for the appeal was presented to said court on March 14, 1901, and the motion for a certificate of importance was presented to said court on March 25, 1901.

The right to an appeal is purely statutory, and the statute providing for appeals must be complied with.

The act in force July 1, 1897, regulating appeals to this court, provides in section 5 that all such appeals shall be prayed and allowed at the term at which the judgment, order or decree appealed from is rendered, and not more than twenty days after the date of the entry of such judgment, order or decree. Appellant failed to recover in the circuit court and the judgment was affirmed by the Appellate Court, and as the affidavit stated the value of the property to be $750, and there was no finding by the Appellate Court that its value was $1000 or more, no appeal would lie to this court without a certificate of importance from the Appellate Court. (*Morris* v. *Preston,* 93 Ill. 215.) Such a certificate is a condition precedent to the right of appeal. If a case is not otherwise appealable, it can only be brought within the provision of the statute in case a majority of the judges of the Appellate Court shall be of the opinion that it involves questions of law of such importance that it should be passed upon by this court and they shall so certify. The allowance of an appeal on March 18, 1901, without such certificate was therefore improper and the order would not confer jurisdiction upon this court. The order was subsequently vacated and the appeal was not perfected by virtue of it. An appeal could only be allowed in case appellant had first obtained a certificate of importance, and this was done on March 28, 1901,—twenty-three days after the entry of the judgment appealed from. It appears by the order of that date as amended on June 17, 1901, that the motion for an appeal was made March 14, 1901, and the motion for a certificate of importance March 25, 1901, but no appeal was allowed within the twenty days. Both the appeal and the certificate of importance were prayed for within the time fixed by the statute; but the requirement is not only that the appeal shall be prayed for, but that it shall be allowed not more than twenty days after the date of the entry of the judgment appealed from. The provision for a certificate of importance does not

operate to extend the time for taking an appeal, but it must be procured within the time in which the appeal may be allowed. (*MacLachlan* v. *McLaughlin*, 126 Ill. 427; *Kirkwood* v. *Steele*, 168 id. 177.) Unless it appears from the record that the certificate of importance was made and the appeal allowed within twenty days from the entry of judgment, the appeal must be dismissed.

There was an attempt to bring the making of the certificate and the allowance of the appeal within the twenty days by the order of the Appellate Court on March 28, 1901, that the order granting the certificate and allowing the appeal should be entered *nunc pro tunc* as of March 25, 1901. This order of the Appellate Court was without authority. It was not an attempt to furnish record evidence of the order made March 18, 1901, which was already of record and was vacated by the order in question, but it was an attempt to enter an order as of March 25, 1901, that had never in fact been made. The office of an order *nunc pro tunc* is only to supply some omission in the record of an order which was really made but omitted from the record. If an order is actually made by the court but there is a failure to enter it, the court may correct the mistake in failing to enter the order, and make the record show the order which the court actually made as of the time it was made. No court has a right to create an order by that method or to supply an order which was never in fact made. A *nunc pro tunc* order cannot be made to supply an omission to make an order, but only an omission in the record of the order. (*Hawley* v. *Simons*, 157 Ill. 218; 15 Ency. of Pl. & Pr. 344; *Perkins* v. *Hayward*, 132 Ind. 95; *Nabers* v. *Meredith*, 67 Ala. 333.) In this case, no certificate of importance was in fact made within twenty days from the entry of judgment, but the certificate of importance, and the appeal based thereon, were made and allowed more than twenty days after the judgment appealed from. The certificate of importance was not a matter of right, which appellant became entitled to

by asking for it, but the granting of it involved judicial judgment and discretion in a high degree. That judgment and discretion were never exercised until March 28, 1901. The appeal could not be sustained on the order of March 18, 1901, if the *nunc pro tunc* order had referred to it, since there was no certificate of importance made within twenty days. The legislature have fixed the conditions upon which appeals may be taken and have required that the appeal shall be allowed within twenty days, and in this class of cases a certificate must be made as a condition to the right of appeal. The conditions were not complied with, and the appeal is dismissed.

*Appeal dismissed.*