## Roger Sherman, Defendant in Error, v. Donald Green and Charles Riley, Plaintiffs in Error.

### Gen. No. 14,742.

1. MUNICIPAL COURT—*how service of summons must be made.* Substituted service in forcible entry and detainer cases instituted in the Municipal Court cannot be employed; summons must be served in that court in all actions in manner as required by the Municipal Court Act.

2. JURISDICTION—*what essential to entry of nunc pro tunc order.* A *nunc pro tunc* order is valid only when made to supply an omission to enter of record an order really made, but omitted from the record by the clerk. When, by expiration of the term or lapse of time, the court has lost jurisdiction, such order should show, and thus preserve in the record, the basis or ground of the jurisdiction for making the particular *nunc pro tunc* order.

Forcible detainer. Error to Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed December 21, 1909.

W. M. FARMER, for plaintiffs in error.

WILLIAM M. and WILLIAM S. JOHNSTON, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

This is a forcible detainer suit, brought by Roger Sherman against Donald Green and Charles Riley, wherein the Municipal Court found "the defendants guilty of unlawfully withholding from the plaintiff the possession of the premises," and rendered judgment that "the plaintiff have and recover of the said defendants the possession" and "that the plaintiff have and recover of the defendants his costs and charges" taxed at a certain sum, and ordered execution to issue.

A writ of error to procure the reversal of that judgment was sued out of this court by Donald Green, on May 29, 1908, and by an order of this court, entered the

next day, Charles Riley was made party plaintiff in error.

The record shows no personal service of summons upon Donald Green but does show a return of service of summons as follows: "Served the within summons by leaving a copy thereof at the usual place of abode of the within named defendant Donald Green, with Mrs. L. A. McGinnis, a member of his family upwards of the age of twelve years and informing her of the contents thereof (the said defendant not being found) this twenty-fifth day of May, 1908." On May 28, 1908, an order of default as to Green was entered, for want of appearance, and the judgment above shown was rendered on the same day. At the beginning of the trial the attorney for Riley stated to the court that he desired to enter a special appearance for Green, for the purpose of objecting to the return and service. The attorney, at the same time, stated that Green was not in the city and knew nothing about the suit, but that if the trial were postponed for a few days Green would return and then he, the attorney, as he stated, would be at liberty to enter his appearance for Green. The court, however, refused the request for postponement and proceeded with the trial. No appearance was entered for Green.

It is clear that there was no service of summons upon Green according to the requirement of the statute and hence the judgment herein is invalid.

The Forcible Entry and Detainer Act, chapter 57 Revised Statutes, in section 9 provides that in a forcible detainer suit summons may be served by leaving a copy of the summons at the defendant's usual place of abode with some person of the family, of the age of twelve years or upwards, and informing such person of the contents thereof. This enactment is and has been the general law since long prior to the establishment of the Municipal Court of Chicago. In the year 1905 the Municipal Court was established. In section 48 of the act establishing that court it is provided that

in forcible detainer suits "the writ of summons shall be made returnable, and shall be served in like manner as the summons in other cases" of the fourth class in the Municipal Court. In section 42 of the same act it is provided that every summons "issued out of the Municipal Court shall be served, if the defendant be an individual, by delivering to him a copy thereof and informing him of its contents" and, also, that there shall be attached to the copy of the summons thus served, a copy of the plaintiff's *praecipe* and statement of claim. The practice and procedure in the Municipal Court is governed and controlled by the act establishing that court. According to that act substituted service, as made upon Green here, is no service at all. The judgment herein having been rendered against Green without service of summons upon him, the judgment must be reversed. Townsend v. Townsend, 21 Ill. 540; Grace v. Casey-Grimshaw Co., 62 Ill. App. 149; Williams v. Chalfant, 82 Ill. 218; Supreme Lodge v. Goldberger, 175 Ill. 19; Forsyth v. Barnes, 228 Ill. 326.

A *nunc pro tunc* order is valid only when made to supply an omission to enter of record an order really made, but omitted from the record by the clerk. Lindauer v. Pease, 192 Ill. 456, 459. When, by expiration of the term or lapse of time, the court has lost jurisdiction such order should show, and thus preserve in the record, the basis or ground of the jurisdiction for making the particular *nunc pro tunc* order. McKay v. People, 145 Ill. App. 277.

The judgment is reversed and the case is remanded.

*Reversed and remanded.*