EMIL ERLINGER, Appellee, *vs.* THE ST. LOUIS AND O'FALLON RAILWAY COMPANY, Appellant.

*Announced orally June 20, 1910.*

1. PRACTICE—*amendment of 1909 did not change manner of applying for certificate of importance.* The manner of applying for a certificate of importance, and the conditions under which the same may be granted by the Appellate Court, or the judges thereof in vacation, were not affected by the amendatory act of June 4, 1909, (Laws of 1909, p. 304,) but remain as they were before that act was passed.

2. SAME—*twenty day limitation applies whether judgments are entered in term time or vacation.* Sections 8 and 15 of the Appellate Court act and sections 100 and 121 of the Practice act are *in pari materia* and must be construed together, and when so construed it follows, by necessary implication, that the twenty day limitation provided for in section 100 of the Practice act within which appeals may be prayed and allowed applies to appeals upon certificates of importance from judgments of the Appellate Court entered either in term time or vacation.

3. SAME—*judges of Appellate Court may grant a certificate of importance.* The judges of the Appellate Court have 'jurisdiction to consider, in vacation, an application for a certificate of importance made within twenty days from the entry of the judgment and to make all necessary orders in connection therewith within that time, and a majority of the judges may grant such certificate of importance and certify their action, as judges of the Appellate Court, to the Supreme Court.

MOTION to dismiss appeal.

WISE, KEEFE & WHEELER, for appellant.

WEBB, WEBB & NEWBY, for appellee.

Mr. JUSTICE COOKE announced the opinion of the court:

On February 11, 1910, the judges of the Appellate Court for the Fourth District of Illinois entered a judgment in vacation affirming the judgment of the city court of East St. Louis against appellant, and in favor of appellee, for the sum of $1100. The next term of the Appel-

late Court for the Fourth District was begun and held on March 22, 1910. On the second day of that term, being March 23, 1910, appellant applied for and was allowed an appeal to this court, together with a certificate of importance. The conditions of the Appellate Court in allowing the appeal were complied with by appellant and the appeal perfected. Appellee has now filed his motion to dismiss the appeal, for the reason that the certificate of importance was not granted within twenty days from the entry of the judgment by the judges of the Appellate Court.

This is a cause wherein the judgment of the Appellate Court is final unless an appeal, with a certificate of importance, is allowed by the Appellate Court or a majority of the judges thereof, or the record is brought to this court for review by writ of *certiorari*, as is provided for by section 121 of the Practice act. In its opposition to the motion appellant urges that under the statute as it now stands there is no limitation as to when a certificate of importance may be applied for or granted.

Since the amendment of sections 121 and 122 and the repeal of section 119 of the Practice act by the act approved June 4, 1909, there has been some question as to when application must be made to the Appellate Court, or the judges thereof, for a certificate of importance and when the same may be granted. From a consideration of the various statutes bearing upon this question we are of the opinion that the manner of applying for a certificate of importance, and the conditions under which the same may be granted by the Appellate Court or the judges thereof, were not affected by the amendatory act of June 4, 1909, but remain as they were before that act was passed.

Section 100 of the Practice act provides that "all appeals to the Supreme Court shall be prayed and allowed at the term at which the judgment, order or decree appealed from is rendered and not more than twenty (20) days after the date of the entry of such judgment, order or decree."

245—20

Were this the only provision of the statute bearing upon this question it is apparent that every application for an appeal and a certificate of importance from a judgment of the Appellate Court must be made at the term during which the judgment is entered. Section 15 of the Appellate Court act, however, provides that "the judges of the said Appellate Courts respectively, or a majority of them, may enter orders and judgments in vacation in all cases which have been argued or submitted to the courts during any term thereof, and which shall have been taken under advisement." Thus the judges of the Appellate Courts are empowered to enter judgments and orders in vacation in all cases which have been taken under advisement, and under this power so given by the statute a large percentage of the judgments of the Appellate Courts are, in fact, entered. Section 8 of the Appellate Court act also contains the following proviso: "That in any case a majority of the judges of the Appellate Court shall be of opinion that a case decided by them involving a less sum than one thousand dollars ($1000), exclusive of costs, also involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court, they may in such cases grant appeals and writs of error to the Supreme Court, on petition of parties to the cause; in which case the said Appellate Court shall certify to the Supreme Court the grounds of granting said appeal."

The first exception contained in section 121 of the Practice act, as amended June 4, 1909, making the judgments of the Appellate Court final in certain cases, is in practically the same language as the proviso in section 8 of the Appellate Court act, just quoted, except that it is not limited to cases involving less than $1000 but applies to any case, regardless of the amount involved. From both the Appellate Court act and the Practice act it is apparent that it is intended that litigants shall have the right to appeal from

the judgments of the Appellate Court in cases where certificates of importance have been granted, upon proper application. Sections 8 and 15 of the Appellate Court act and sections 100 and 121 of the Practice act are *in pari materia* and are to be construed together. When so construed, it follows, as a matter of necessary implication, that the twenty days' limitation provided for in section 100 of the Practice act in which appeals may be prayed and allowed applies to appeals upon certificates of importance from judgments of the Appellate Court, whether such judgments be entered in term time or in vacation, and that the judges of the Appellate Court have jurisdiction, under said section 15, to consider, in vacation, applications for certificates of importance when made within twenty days from the entry of judgment, and to make all necessary orders in connection therewith within that time. To hold otherwise would be to render nugatory the provisions of the statute allowing appeals from the judgments of the Appellate Court upon certificates of importance.

In its objections to this motion appellant contends that by the language of section 121 of the Practice act a certificate of importance can only be granted by the Appellate Court and not the judges thereof, and hence, the application being required to be made in term time, it availed itself of the earliest opportunity for making the same. We do not so interpret the language of this section. The language referred to occurs in the first exception contained in the section, and, as already stated, is practically identical with the proviso of section 8 of the Appellate Court act. It states, in effect, that when the judges of the Appellate Court shall be of opinion that any case decided by them involves questions which should be reviewed by this court, they,—*i. e.*, the judges,—may grant an appeal, in which case the Appellate Court shall certify the grounds of granting such appeal. By this exception it was clearly intended that a majority of the judges, as such, should be empow-

ered to grant the application and should certify their action to this court as judges of the Appellate Court.

As this case is not appealable without a certificate of importance by a majority of the judges of the Appellate Court, the obtaining of such certificate within twenty days after entry of judgment is a condition precedent to the right to an appeal. (*Lindauer* v. *Pease*, 192 Ill. 456; *Wilson* v. *Scoville*, 127 id. 393; *Kirkwood* v. *Steele*, 168 id. 177.) No certificate having been granted within twenty days after the entry of judgment in the Appellate Court, the motion is allowed and the appeal dismissed.

*Appeal dismissed.*