ESTATE OF STREIFF: MILWAUKEE TRUST COMPANY, Administrator, Appellant, vs. CLARK REALTY COMPANY and another, Respondents.

*April 8—May 2, 1911.*

*Executors and administrators: Sale of lands: Homestead: Mortgage: Sufficiency of petition: Defective order of sale: Correction nunc pro tunc: Direct or collateral attack.*

1. Where the owner of a homestead dies leaving issue, even though none of them is a 'minor, such homestead is not, under sec. 2271, Stats. (1898), liable for debts in the ordinary sense of that term; and hence it cannot under sec. 3874a, Stats. (Supp. 1906: Laws of 1901, ch. 112, sec. 1), be sold to pay the charges of administration, because that section expressly excepts the homestead from sale when it is not subject to debts.

[2. Whether the owner of a single city lot containing less than one fourth of an acre, having upon it two houses in one of which the owner lives, can hold the entire lot as a homestead, or only the one house and part of the lot, not decided.]

3. Where application is made under sec. 3884, Stats. (1898), to sell the homestead of a decedent, on the ground that it constitutes part only of a tract of land the whole of which is subject to mortgage, the order for sale should direct that the entire estate or interest be sold, including the interest of the mortgagee, and if it does not so direct the order and sale made under it will be invalid.

4. Such a defect in the order for sale cannot be corrected *nunc pro tunc* after the land has been advertised and sold pursuant to the original written order and after objection made to the sale on that ground.

5. An appeal from an order of the county court confirming an administrator's sale of real estate is a direct attack upon the proceedings, and the question whether the order would be valid against collateral attack is not involved.

[6. Whether, where there is no personal estate, a petition for license to sell real estate is sufficient which merely shows the amount of the charges of administration and states the amount of claims which have been *filed* against the deceased, but not that any of them have been allowed, not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The judgment appealed from reversed an order of the county court confirming the sale of real estate by an administrator under license from the latter court. *Agnes Streiff,* wife of one of the heirs at law of the intestate, and the *Clark Realty Company,* the purchaser at the sale, appealed from the order of confirmation made by the county court and are respondents in this court. This heir at law with his said wife occupied the premises in question, or part thereof, claiming a homestead right therein. And this heir at law is alleged to be mentally incompetent. The land in question is lot 10 in block 35 in Walker's Point Addition to the Eighth ward of the city of Milwaukee, 50 by 150 feet, and has two dwelling houses thereon, and was owned by the intestate, Martha Streiff, who occupied the same as a homestead and who died January 7, 1904, and left surviving her one son and three children of a deceased daughter, none of whom were infants. At the time of her death the land was incumbered by mortgage on which there was due $600, and according to the appraisal made before sale the property was worth $7,500. The affairs of this family were before this court in *In re Streiff,* 119 Wis. 566, 97 N. W. 189.

It appears that on October 25, 1907, the *Milwaukee Trust Company,* which was then administrator of the estate of Martha Streiff, petitioned the county court for authority to sell or incumber the real estate of the deceased, or so much thereof as might be necessary to pay the proper debts of said deceased and the charges of administration of said estate. The facts averred in support of this application were that the deceased left no property, personal or real, except the above described lot, which was mortgaged as stated, and the mortgage was past due. The name of the mortgagee is given. It is then averred that claims against said estate have been duly filed aggregating $27,445.50. One Charles Dielman was appointed special administrator of the estate and continued as such until December 6, 1906, when he was succeeded by John Saveland, another special administrator. Dielman's account as special

administrator was allowed by the county court at $1,869.24. Saveland's account was allowed by the court at $600.06.   The petitioning administrator, who apparently succeeded these two special administrators, promises that there will be other and additional expenses and administration charges.   Saveland was authorized by the county court to borrow upon the credit of said estate $118 to pay taxes on the estate, and Saveland as special administrator was indebted in the sum of $118 and interest for that money.   The taxes for the year 1905 remained unpaid, and the premises were sold by the county treasurer and by the city treasurer of Milwaukee in the spring of 1906 for these taxes, amounting to $92.32.   The appraisal of the property in the inventory of the administrator is $8,500.   Both houses are badly out of repair and going to decay and depreciating in value.   The homestead of the deceased at the time of her death was part only of said lot.   The estate of the deceased will be insufficient without said homestead to pay the expenses of administering said estate, and insufficient to pay the debts of the deceased for which claims have been filed.   Part of the lot not included in the homestead cannot be sold separately from the homestead without material injury to the interests of said estate and to the parties interested therein, which require that the entire lot or tract of land should be sold in one piece.   Deceased left surviving her at the time of her death no minor children or child.

Upon this application there was an order to show cause returnable on the first Tuesday in December, 1907, why license should not be granted for the sale of this real estate.   There was no hearing on this petition and order in December, 1907, or at any time thereafter until September 23, 1908, and no notice was given or order of continuance made.   On September 23, 1908, an order of sale was made by the county court which contained certain findings substantially as set forth in the application, except that it is found more specifically that the dwelling house on the front of said lot and the front por-

tion of said lot constitute the homestead of deceased, and that the estate of said deceased will be insufficient without the homestead to pay the debts of the deceased for which claims have been filed or to pay the expenses of administering the estate. There is a general finding that the administrator has fully complied with the provisions of ch. 167, Stats., and then, "It is ordered that the said *Milwaukee Trust Company* be and it hereby is licensed and authorized to sell said lands and premises, viz.: lot number ten (10) in block number thirty-five (35)," etc. There was nothing in the order directing that the entire estate or interest, including the interest of the mortgagee, be so sold. The mortgagee had no notice of these proceedings except such as might be inferred from publication of an order of hearing. After notice of this sale and on April 16, 1909, the real estate was sold. On June 8, 1909, the county court made an order purporting to correct the record *nunc pro tunc* by inserting in the order of sale the words, "To sell the entire estate and interest in said premises, including the interest of the mortgagee." On July 9, 1909, the purchaser at the sale, the *Clark Realty Company,* respondent here, refused to carry out its purchase and demanded a return of its deposit on the ground that the proceedings were irregular and invalid. On November 9, 1909, the county court made an order confirming the sale, which order was reversed by the circuit court, from which judgment this appeal was taken.

*Otto Dorner,* for the appellant.

For the respondent *Clark Realty Company* there was a brief by *Nath. Pereles & Sons,* attorneys, and *Charles S. Carter,* of counsel; for the respondent *Agnes Streiff* a separate brief by *Herman W. Ross,* attorney, and *E. W. Deicke,* of counsel; and the cause was argued orally by *Mr. Carter.*

KERWIN, J. The court below reversed the order of the county court confirming the sale mainly upon the following

grounds: (1) that the petition did not state the amount of the debts; (2) that the mortgage interest was not ordered sold; (3) that the *nunc pro tunc* order was invalid; and (4) that delay in confirmation of sale released the bidder.     Some other questions are discussed by appellant, but we regard the foregoing as decisive of this appeal.     Sec. 3874, Stats. (1898), provides that, when the personal estate of a deceased person shall be insufficient to pay his debts with charges of administration, his executor or administrator may mortgage, lease, or sell his real estate, except the homestead when it is not subject to the debts and liabilities of the deceased owner, on obtaining a license therefor and proceeding in the manner provided in this chapter (ch. 167).     Sec. 3874*a,* Stats. (Supp. 1906: Laws of 1901, ch. 112, sec. 1), provides:

"Whenever the personal estate of any deceased person in the hands of his executor or administrator shall be insufficient to pay the amount of the charges of administration, his executor or administrator may mortgage, lease or sell his real estate (except the homestead when it is not subject to the debts and liabilities of the deceased owner), for that purpose on obtaining a license therefor and proceeding therein in the manner provided in this chapter.     The petition in such proceeding shall in addition to the requirements of sec. 3875 state the amount of the charges of administration."

Sec. 3875, Stats. (1898), provides, among other things, for a petition to sell in order to obtain a license, and that such petition must state "the amount of the debts outstanding against the deceased, so far as the same can be ascertained."

Sec. 3881 as amended (Supp. 1906: Laws of 1901, ch. 112, sec. 2; Laws of 1901, ch. 283) provides:

"The court shall make no order for the mortgaging, leasing or sale of the real property of the deceased until upon examination it shall appear to said court:

"1. That the executor or administrator making such application has fully complied with the preceding provisions of this chapter;

"2. That the debts for the purpose of satisfying which the application is made are justly due and owing;

"3. That the personal estate of the deceased is insufficient for the payment of such debts or

"4. That the personal estate of the deceased is insufficient for the payment of the charges of administration."

The foregoing and other sections from 3874 to 3883 inclusive, ch. 167, Stats., provide specifically for the sale of land when the personal estate of the deceased in the hands of the executor or administrator shall be insufficient to pay debts and administration charges. Sec. 3822, Stats. (1898), provides that the personal estate of the deceased which comes to the hands of the executor or administrator shall be first chargeable with the payment of debts and expenses, and if such personal property shall not be sufficient to pay the debts of the deceased and the expenses of administration the whole of his real estate, except the widow's dower and the homestead, or so much thereof as may be necessary, may be sold for that purpose, on obtaining license therefor as provided by ch. 167. Sec. 3880 provides that if it appear on the hearing to sell real estate that there is a contest as to the validity of any debt or claim which may be represented as existing against the testator or intestate the hearing on the petition shall be postponed until the liability of the estate for such claim is finally determined. Sec. 2271 read with subd. 2 of sec. 4971, Stats. (1898), respecting women, provides that when the owner of any homestead shall die not having lawfully devised the same, such homestead shall descend free of all judgments and claims against such deceased owner, or her estate, except mortgages lawfully executed thereon and laborers' and mechanics' liens, to the issue of such deceased woman. If the surviving issue shall not be minor children of such deceased woman, the homestead shall be subject to and charged with the expense of her last sickness and of her funeral, and the costs and charges of administration, but it is not liable for debts in the ordinary

sense of the latter term.    This is apparent from the proviso of sec. 2271 which relates to a case in which the homestead is subject to debts.    But that is not the case here.    The averments of the petition show that the homestead here was not subject to the debts and liabilities of the deceased owner under sec. 2271.    It cannot, therefore, under the new section, 3874a, Stats., be sold to pay the amount of the charges of administration, because that section expressly excepts the homestead when it is not subject to the debts and liabilities of the deceased owner.    Sec. 3884, Stats. (1898), provides that whenever the homestead of the deceased is part only of a tract of land, the whole of which was subject to a mortgage at the time of the death of the deceased, and it shall appear that all other real estate and personal property of the deceased has been applied to the payment of his debts or is insufficient therefor, and that the part of the mortgaged premises not included in the homestead cannot be sold separately therefrom without injury to the interests of the parties, the court may grant a license for the sale of the whole of the tract.    The order of license shall direct that the entire estate or interest, including the interest of the mortgagee, be so sold.    This license to sell shall not be made without the consent of the mortgagee, unless the mortgage debt is wholly due.    The proceeds of this sale are to be applied (1) to the expenses of the license and sale; (2) to the mortgage debt.    The value of the homestead irrespective of the mortgage thereon is then to be ascertained and paid over to the owners by descent or devise, if they be adult, and the remainder, if any, applied to the payment of debts.    In the instant case the premises were a homestead subject to the mortgage which was wholly due, but it is not clear that the homestead was part only of a tract of land the whole of which was subject to a mortgage.    Here the whole tract of land was less than a quarter of an acre, and there were two houses upon it.    We need not, however, decide this question.

Assuming that the tract of land in question answered the

calls of this statute the order of sale was invalid because it did not provide that the entire estate or interest, including the interest of the mortgagee, be sold. This was not a defect which could be cured by order *nunc pro tunc* after the land had been advertised for sale pursuant to the original written order and sold, and after objection made to such sale. The *nunc pro tunc* order proceeds upon an entire misapprehension of the power of the court with respect to such orders. *Lindauer v. Pease,* 192 Ill. 456, 61 N. E. 454; *Martz v. Mehlhop,* 117 Ill. App. 77; *Hegeler v. Henckell,* 27 Cal. 491; *Lombard v. Ward,* 37 Oreg. 426, 61 Pac. 856. No order made after the sale could alter the fact that up to and at the time of sale the proceedings on their face showed to all bidders and all persons interested an invalid sale. The rights of parties would be very inadequately protected if, when attention were called after sale to an obvious disregard of statute on the part of the county court in the terms of one of its orders, that court could then declare that it made an oral order of sale differing from the written order and correct the latter to take effect prior to the sale. Whether sec. 3881 as amended, as regards the provision that "the debts for the purpose of satisfying which the application is made are justly due and owing," was sufficiently complied with by showing the amount of the charges of administration, we need not and do not decide. It appears in the petition that certain claims had been filed, and in the order for sale that these claims had been filed and remained unpaid, but it does not appear that they had been allowed at the time the order was made, except certain costs and charges of administration. We are therefore of the opinion that the order of sale was invalid, for the reason that it did not conform to the statute in respect to the sale of the mortgagee's interest, and that the alleged *nunc pro tunc* order was beyond the power of the county court and invalid, and that the circuit court was right in reversing the order of the county court confirming the alleged sale.

Counsel for appellant refers us to sec. 3919 and similar

statutes relating to collateral attack. But it must be borne in mind that the instant case is a direct attack upon the proceedings for sale by appeal from the order of confirmation, and whether the proceeding here would be valid as against collateral attack is not before us.

Other questions discussed need not be considered. It is clear upon the record that the court below was well within its power in setting aside the order of confirmation, and no abuse of discretion has been shown.

*By the Court.*—The judgment appealed from is affirmed.