John Weinberg and Josephine Weinberg, Defendants in Error, v. Frank Oblak, Plaintiff in Error.

## Gen. No. 15,760.

1. JUDGMENT—*when default should be set aside.* A judgment entered by default, even though the service may have been technically in compliance with the statute (in this case it was not), should be set aside if the service did not in fact effect notice of the pendency of the action and a meritorious defense is set up by affidavit.

2. MUNICIPAL COURT—*when has jurisdiction to set aside judgment.* At any time within thirty days after a judgment in forcible detainer has been entered the Municipal Court has jurisdiction to set it aside even though proceedings have been had upon a writ of restitution and the time for appeal has passed.

3. FORCIBLE DETAINER—*how summons must be served.* In actions of forcible detainer commenced in the Municipal Court the summons must be served, "If the defendant be an individual, by delivering to him a copy thereof and informing him of its contents."

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 3, 1911.

JOHN W. BANTZ and JONAS O. HOOVER, for plaintiff in error.

GENTZEL & CRANE, for defendants in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendants in error, being then the owners of certain premises in Chicago, began an action in the Municipal Court in forcible detainer against plaintiff in error on May 5, 1909. A summons was duly issued, returnable on the 10th of that month. The return made on the back of the summons reads as follows:

"Served the within summons by leaving a copy thereof at the usual place of abode of the within named defendant, Frank Oblak, with Mrs. Frank Oblak, a member of his family upwards of the age of twelve (12) years, and informing her of the contents thereof (the said defendant not being found) the sixth day of May, 1909.
                              Thomas M. Hunter, Bailiff."

On the 10th of May the case was called for trial, and no one appearing for the defendant, he was defaulted, and the court entered judgment in favor of plaintiff for the possession of the property, and costs, and directed that a writ of restitution issue. On the 20th of that month the defendant entered his motion to vacate the judgment, which was continued by the court until June 4th. After a hearing on that date the court denied the motion to vacate, to reverse which action the case is here upon a writ of error for review.

From the bill of exceptions it appears that the notice of the motion to vacate judgment was served upon defendant in error on the 19th of May, and at the hearing numerous affidavits in support of the motion were heard. The affidavits were to the effect that Oblak's wife, with whom the bailiff claims to have left the copy of the summons, could not understand the English language, and was not informed of the nature of the summons left with her, and did not give it to

her husband, nor inform him concerning it, for she did not know what it was. Oblak himself swore that he never knew of the pendency of the cause until May 18, 1909, at which time he was served with the writ of restitution, and that he had paid all the rent due upon the premises. Upon this state of facts, we are asked to reverse the ruling of the court below.

We think that the affidavits presented to the court establish a meritorious defense to the action, and that it should have vacated the judgment and allowed the defense to be made. It is contended by the defendant in error that the Municipal Court had no power to set aside the judgment, the five days within which an appeal could be taken from the judgment having expired, and the writ of restitution thereon having actually issued and been served. Section 15 of chapter 1 of the Municipal Court Act provides that: "Every judgment, order or decree of said court, final in its nature, shall for the period of thirty (30) days after the entry thereof be subject to be vacated, set aside or modified in the same manner, and to the same extent as a judgment, decree, or order of a Circuit Court during the term at which the same was rendered." Under this section we think the Municipal Court had power to vacate the judgment, notwithstanding the time for appeal had expired, and notwithstanding the proceedings had on the writ of restitution.

However, entirely aside from the showing of a good defense made by Oblak we think the judgment should have been set aside because summons was not properly served, and the court failed to acquire jurisdiction of the defendant.

The sufficiency of such a service of summons in a forcible detainer suit was before this branch of the court in the case of Sherman v. Green & Riley, 152 Ill. App. 166. In that case this court held that the summons was not served as required by the statute, and that the judgment rendered thereon was invalid. The court there pointed out the fact that section 48 of the Act establishing the Municipal Court, passed in 1905, provided that in forcible detainer suits "the writ of summons shall be made returnable, and shall be

served in like manner, as the summons in other cases" of the fourth class in that court, and that in section 42 of the same act, it is provided that "every summons issued out of the Municipal Court shall be served, if the defendant be an individual, by delivering to him a copy thereof and informing him of its contents," and also that there shall be attached to the copy of the summons thus served a copy of the plaintiff's præcipe and statement of claim, and held that, according to the Municipal Court Act, substituted service was insufficient to confer jurisdiction upon the court.

Applying the law as thus announced by this court, the judgment in this case was rendered against Oblak without service of summons upon him, and the court below should have granted the motion to vacate the judgment. Williams v. Chalfant, 82 Ill. 218; Supreme Lodge v. Goldberger, 175 Ill. 19.

The order of the court, overruling the motion of plaintiff in error to vacate the judgment, is reversed, and the cause remanded to the Municipal Court.

*Reversed and remanded.*