George W. Kretzinger et al., Defendants in Error, v. Francis S. Lewis, Plaintiff in Error.

### Gen. No. 16,615.

1. RES JUDICATA—*settlement of estate.* An administrator cannot set up the doctrine of *res judicata* as a defense to an action for attorney's fees for services rendered in probating the estate, where he personally undertook payment of said claim after the probate court had entered an order approving his report and declaring the estate settled.

2. ORDERS—*nunc pro tunc cannot increase ad damnum.* An order after judgment granting leave to increase the *ad damnum*, *nunc pro tunc*, as of the date judgment was entered is nugatory, since a *nunc*

*pro tunc* order cannot supply the omission to make an order but only an omission in the record of an order.

3. JUDGMENTS—*in excess of ad damnum*. A judgment which exceeds the *ad damnum* in the declaration or statement of claim does not justify a reversal where appellee is willing to enter a remittitur.

Error to the Municipal Court of Chicago; the HON. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed on remittitur. Opinion filed October 16, 1912.

ALFRED LIVINGSTON, for plaintiff in error.

L. L. SMITH, for defendants in error.

MR. JUSTICE BAUME delivered the opinion of the court.

In an action of the fourth class, instituted in the Municipal Court, defendants in error filed their verified statement of claim against plaintiff in error for $257.15 for the balance due upon an account stated on or about December 5, 1908. A trial of the case by the court without a jury resulted in a finding and judgment against plaintiff in error for $277.15, the excess of $20 above the amount claimed being for interest.

Plaintiff in error, having been appointed administrator with the will annexed of the estate of his father, W. H. Lewis, retained the defendants in error to perform legal services incident to the probating of said estate, for which services plaintiff in error agreed to pay $300. Defendants in error at the request of plaintiff in error made certain disbursements for costs, etc., attending the administration of said estate, and of the estate of Wm. A. Lewis, of which plaintiff in error was also administrator, amounting to $57.15. It was admitted by plaintiff in error that the charge made by defendants in error for their legal services was a reasonable one and that defendants in error actually disbursed $57.15 at his request. Indeed, it is uncontroverted that plaintiff in error, on December 5, 1908, and thereafter, promised to pay said amounts and that

on September 20, 1909, plaintiff in error made a payment of $100 to apply upon said indebtedness and promised to pay the balance upon receipt of an expected remittance. On December 5, 1908, more than one year having elapsed since the appointment of plaintiff in error as administrator of the estate of W. H. Lewis, he was desirous of filing his final report and securing his discharge. He then presented receipts showing the disbursement and distribution by him of all the assets of said estate coming into his hands, save for the amount due defendants in error, which amount he was then unable to pay, and at his request defendants in error prepared a voucher for said amount and gave the same to plaintiff in error upon his promise to pay the amount at his early convenience. The final report then filed by plaintiff in error in the Probate Court discloses that such voucher for $323.80 was filed therewith and plaintiff in error therein asked that he be allowed said amount as a disbursement by him. Upon a consideration of said report the Probate Court found that all the assets of said estates had been collected or accounted for in kind; that certain claims against said estate not allowed by the court had been paid by the administrator, which payments were allowed upon proof that said claims were just claims against said estate; that the funeral expenses and all costs of administration had been paid and that the balance of said estate had been distributed according to the will of the decedent; and it was ordered that said final report and account be approved and said estate be declared settled and said administrator discharged upon the payment of the personal property tax for 1908. Thereafter, on September 29, 1909, a final order was entered making the order approving said report and account absolute, declaring the estate settled and discharging the administrator.

Against the propriety of the judgment here involved, plaintiff in error invokes the doctrine of *res judicata.* It is insisted that the ordered entered by the

Probate Court approving the final report and account and finding that the disbursements shown in said account had been made by plaintiff in error as such administrator constitutes a conclusive finding and adjudication by a court of competent jurisdiction that the claim of defendants in error was then fully paid. A statement made by the late lamented Mr. Justice Gary, in an opinion filed in this court, is aptly illustrative of this insistence. We quote from memory: "This is an effort on the part of plaintiff in error to pay an honest debt with a technical rule of law."

If the claim here involved was asserted by plaintiff in error against the estate of W. H. Lewis, or was asserted by defendants in error against said estate, or against plaintiff in error as administrator, the doctrine invoked would be applicable and would bar a recovery, but such doctrine can have no application in this case, because, under the evidence, a recovery may be had and was justified upon the verbal and written personal undertaking of plaintiff in error, entered into subsequent to the entry of the order in the Probate Court to pay the claim.

The record discloses that during the course of the hearing there was "some desultory talk of increasing the amount of the *ad damnum* to $300," and that a motion therefor was then made, but was not acted upon by the court. After judgment was entered and upon the hearing of the motion by plaintiff in error to vacate the same the attention of the court was called to the fact that the amount of the judgment was $20 in excess of the amount claimed, whereupon defendants in error offered to remit such excess, but the court then granted leave to increase the *ad damnum* in the claim to $300 and ordered that said leave be entered *nunc pro tunc* as of the date judgment was entered. No order in that particular had been made by the court prior to the entry of judgment and the order *nunc pro tunc* was therefore nugatory and unavailing. "A *nunc pro tunc* order cannot be made to supply an

omission to make an order, but only an omission in the record of the order." Lindauer v. Pease, 192 Ill. 456; Sherman v. Green, 152 Ill. App. 166; Woolf v. Deahl, 152 Ill. App. 357.

While it has been held in a number of cases that error in entering a judgment in excess of the *ad damnum* in the declaration or statement of claim cannot be cured by remittitur in a court of review, and that where such error appears the judgment must be reversed and the cause remanded, no persuasive reason is or can be advanced for such holding, and we are not disposed to follow the authority of such cases. To reverse a judgment in whole and remand the cause for another trial *de novo*, merely to permit the recovery of a judgment which shall not exceed the *ad damnum* in the declaration or statement of claim, where the appellee or defendant in error is willing to enter the remittitur required by a court of review, rather than suffer such reversal of the judgment and remandment of the cause, would be nothing less than an idle formality. If within ten days defendants in error will remit $20 from the judgment, such judgment will be affirmed for $257.15, otherwise the judgment will be reversed and the cause remanded.

*Judgment affirmed if remittitur entered; otherwise reversed and remanded.*

*Remittitur* filed and judgment affirmed October 16, 1912.