## In re ST. LAWRENCE CONDENSED MILK CORPORATION.

(Circuit Court of Appeals, Second Circuit. January 8, 1925.)

No. —.

1. **Courts** ⊂⇒404—**Prohibition issued by Circuit Court of Appeals where motion in District Court to vacate orders was after giving of notice of petition to revise.**

Motion for prohibition to restrain District Court from proceeding with motion to vacate orders is the proper remedy, and will be granted by the Circuit Court of Appeals, in protection of its appellate jurisdiction, where motion to vacate was made after giving of notice of petition to revise, and favorable action thereon would take away appellate jurisdiction of Circuit Court of Appeals.

2. **Bankruptcy** ⊂⇒444—**Nunc pro tunc order as to filing order, timely made, enlarging time for filing petition for revision, permissible.**

Where, pursuant to rule of Circuit Court of Appeals, order enlarging time for filing petition for revision was timely made, but was not filed with clerk of the District Court within time limited by rule for serving and filing it, District Court could direct that it be filed nunc pro tunc.

Petition to Revise Order of the District Court of the United States for the Northern District of New York.

In the matter of St. Lawrence Condensed Milk Corporation, bankrupt. Petition to revise order of the District Court. Heard on motion by the Brown & Bailey Condensed Milk Company and others for a writ of prohibition to be directed to Hon. Frank Cooper, United States District Judge for the

5 F.(2d)—5

Northern District of New York; and on counter motion by Frank L. Cubley and Lawrence Russell to dismiss the petition to revise filed herein by said Brown & Bailey Condensed Milk Company and others. Motion granted; counter motion denied.

Sparks & Fuller, of Brooklyn, N. Y., for petitioners.

Lawrence Russell, of Canton, N. Y., and Frank L. Cubley, of Potsdam, N. Y., for respondents.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

PER CURIAM. [1] 1. As to the motion for a writ of prohibition.

It is admitted that the object of a pending motion in the District Court is to vacate certain orders. If the orders are vacated, they no longer exist, and in contemplation of law never had an effective existence. But if these orders are vacated, the right to appeal or file a petition to revise is gone.

This motion to vacate was made after notice of petition had been given. It is therefore entirely evident that the object of the motion and the effect of any favorable action of the court thereupon would be to interfere with, and indeed take away, the appellate jurisdiction of this court.

Under such circumstances, motion for a writ is the proper remedy. Muir v. Chatfield, 255 F. 24, 166 C. C. A. 352.

Therefore the motion for a writ must be granted. But it will not be necessary to actually issue a formal writ, inasmuch as we assume that the learned judge below, upon having this memorandum communicated to him, will forbear from further proceeding with the motion complained of.

[2] 2. As to the motion to dismiss the petition to revise.

The proposition of respondent is that although, pursuant to the rule of this court, orders enlarging the time when a petition for revision could be filed were actually made under our rule, said orders were not actually filed with the clerk of the proper District Court before the expiration of the times limited by rule for serving and filing such petition.

This was an undoubted departure from the rule, and standing alone would require the dismissal of the petition. But this motion goes further, and asserts that it was beyond the power of the court below to do (what was actually done), direct that such orders should be filed nunc pro tunc, or as of the proper time, to wit, the time of making said order.

If no enlarging order had been made timely, no such order could be made later by declaring that the order should be entered nunc pro tunc. The general distinction is pointed out in Lindauer v. Pease, 192 Ill. 456, 61 N. E. 454, to wit, that a nunc pro tunc order cannot be made to cure a failure to make an order, but only to supply some omission in the record of an order already made.

In local practice, orders nunc pro tunc for this or a similar purpose are commonly recognized; i. e., they are used to cure a minor error if the main thing has been properly done. Here the main thing was done, to wit, an order of enlargement was timely made. We think a nunc pro tunc order as to the filing of that document is within the practice as recognized in the citation already made, and in Waggoner v. Walrath, 25 Hun, 315; People v. Central Bank, 53 Barb. 412.

The motion for prohibition is granted, although, as above noted, no actual writ need issue; and the motion to dismiss is denied.