## J. L. Wiggins, Plaintiff in Error, v. Union Trust Company of East St. Louis, Defendant in Error.

Opinion filed June 9, 1932.

POPE & DRIEMEYER, for plaintiff in error.

ELMER WEIHL and BEASLEY & ZULLEY, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The trial court entered a judgment sustaining a demurrer to the declaration and adjudging that plaintiff in error pay the costs for which an execution should issue. A writ of error was sued out and de-

fendant in error moved for a dismissal of the writ on the ground that there was no final judgment. Plaintiff in error then procured a *nunc pro tunc* order purporting to amend the judgment by making it a judgment in bar of the action and for costs. Defendant in error insists that the court was without jurisdiction to make the alleged amendment at a subsequent term of court because there was no memorial paper or minute made at the term at which the judgment was rendered which showed that the court, in fact, had rendered judgment in bar of the action.

The original judgment set out in the record is not a final judgment which may be reviewed upon appeal or writ of error. An order sustaining a demurrer, although it adjudges costs, is not a final judgment. *Chicago Portrait Co. v. Chicago Crayon Co.,* 217 Ill. 200; *People v. Board of Education,* 236 Ill. 154; *Williams v. Huey,* 263 Ill. 275.

The original judgment as expanded by the clerk simply sustained the demurrer and ordered that defendant in error do have and recover of and from plaintiff in error its costs and charges in this behalf expended and that it have execution therefor. The court at a subsequent term amended that judgment *nunc pro tunc* so as to make it a judgment in bar of the action and for costs. If, at the former term, the court actually rendered such a judgment and that fact was proven by some memorial paper or minute in the case made at such former term, then the amendment would be proper. But a court has no right to enter a judgment *nunc pro tunc* unless the judgment was in fact rendered at a previous term and was not entered of record through some fault, neglect or oversight; and in such case the fact that the court did give judgment at the previous term can only be proved by some memorial paper or minute in the case made at such former term. *Stein v. Meyers,* 253 Ill. 199.

The office of an order *nunc pro tunc* is only to supply some omission in the record of an order which was really made but omitted from the record. If an order is actually made by the court but there is a failure to enter it, the court may correct the mistake in failing to enter the order, and make the record show the order which the court actually made as of the time it was made. No court has a right to create an order by that method or to supply an order which was never in fact made. A *nunc pro tunc* order cannot be made to supply an omission to make an order, but only an omission in the record of the order. *Lindauer v. Pease,* 192 Ill. 456; *People v. Rosenwald,* 266 Ill. 548–554.

The only evidence offered in support of the motion to amend the judgment was the original judgment as expanded by the clerk and the following from the judge's docket: "Nov. 3rd, 1931, demurrer to declaration sustained. Plaintiff excepts. Judgment vs. pltf for costs." There is nothing in the original judgment as expanded to indicate it was intended as a judgment in bar of the action. Does the expression in the judge's docket "judgment vs. pltf for costs" show that the court, in fact, rendered judgment in bar of the action which the clerk failed to enter a record? We do not think so. The question is not whether the court could or should have entered such a judgment in the first instance. The real question is whether the court actually entered such a judgment at the former term. *People v. Wilmot,* 254 Ill. 554–558. Having failed to render a judgment in bar of the action at the former term the court was without jurisdiction, at a subsequent term, to make the amendment by a *nunc pro tunc* order. The writ of error is dismissed.

*Writ dismissed.*