## In re HEILBRONER.

## In re HIRSHSTEIN.

### No. 147.

Circuit Court of Appeals, Second Circuit.

March 2, 1934.

Abraham Shamos and Wilbur C. Davidson, both of New York City, for petitioners.

Henry W. Pollock, of New York City, and Joseph G. M. Browne, of Brooklyn, N. Y., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

### PER CURIAM.

The petitioners are "certificate holders" of the New York Title & Mortgage Company, each having an interest in a separate fund, made up of a hotchpot of bonds and mortgages. Arguendo we shall assume for the purposes of this proceeding that their interests in these funds are those of a cestui que trust; the company being the trustee. The company's affairs having become greatly in-

volved, the state superintendent of insurance of New York on August 4, 1933, by virtue of section 410 of the New York Insurance Law (Consol. Laws N. Y. c. 28), got possession of all its assets, under order of the state Supreme Court, which incidentally enjoined all "certificate holders," among others, from beginning any proceedings against the company or the superintendent. The petitioners thereafter each instituted a proceeding in the Supreme Court to appoint a receiver to manage his or her fund, and a substituted "grantee of the powers in trust," which were vested in the company. The Supreme Court has acted upon their applications. After these proceedings were commenced and the motions made, one Acken, a "certificate holder" in both funds, began a suit in the District Court for the Northern District of New York to take over the whole administration of the funds into that court, and moved for the appointment of temporary trustees to supersede the superintendent and the company. The District Judge granted this motion, and it is to prevent his signing the order that these petitions for a writ of prohibition have been filed in this court.

The petitioners have not tried to intervene in the suit in the District Court, and are not therefore parties to it. They say that they cannot safely do so, because under Equity Rule 37 (28 USCA § 723) they would then forfeit their right to raise the question which they wish to raise; that is, the impropriety of the District Court's asserting jurisdiction over the funds, after the earlier proceedings in the state Supreme Court. It is indeed true that any intervention must be "in subordination to, and recognition of, the propriety of the main proceeding," and some decisions construing it have gone as far as they assert. In re Veach, 4 F.(2d) 334 (C. C. A. 8); Adler v. Seaman, 266 F. 828 (C. C. A. 8); Mueller v. Adler, 292 F. 138 (C. C. A. 8). We have never passed upon the point, and it is possible that we might construe the rule otherwise; at least it seems best to reserve any declaration regarding it. U. S. v. California Canneries, 279 U. S. 553, 556, 49 S. Ct. 423, 73 L. Ed. 838. We can still decide these applications, because though the rule ·means what they say, it does not justify a resort to prohibition. That writ we may issue only in aid of our appellate jurisdiction. Muir v. Chatfield, 255 F. 24 (C. C. A. 2); In re St. Lawrence Condensed Milk Corp., 5 F.(2d) 65 (C. C. A. 2). If it appeared that the entry of the order would deprive us of an appeal which might otherwise come before us, we might act. But it will not; at least it would

not if the petitioners had acted in season, had asked leave to intervene. Had they been admitted, they could have appealed; we are not to suppose that the District Court would have refused to allow them to intervene. On that appeal we might hold that they could not raise the question which they wish to raise; if so, it would be because they could not raise it below. Nevertheless the appeal would search the correctness of everything which they could challenge in the District Court. It is apparent that the writ cannot be ancillary to our appellate jurisdiction, if it is made to serve more than this; to search not only all that the parties might demand in the District Court, but action of that court, of which, however erroneous, they were not in a position to complain. That would indeed be a proper office for it, if we had power to issue it in restraint of any excess of the court's jurisdiction. All that would then be necessary would be to show that the excess was in prospect and that the applicant would be injured by it. But, as it is only ancillary to an appellate jurisdiction, it certainly cannot reach into matters which by hypothesis would be beyond that jurisdiction.

The petitioners are not without remedy. The state court can defend its custody if it have it, or assert it, if, being first in the field, it has the right to custody. No doubt that is an unwelcome duty, but at times it cannot be avoided; we are confident that the petitioners will not find it a broken reed.

Petitions denied.