## Mary Briggs, Appellant, v. Webster W. Briggs, Appellee.

Opinion filed March 13, 1939.

Beasley & Zulley, of East St. Louis, for appellant.

McGlynn & McGlynn and Robert Rutledge, all of East St. Louis, for appellee.

Mr. Justice Stone delivered the opinion of the court.

In November, 1931, the parties to this action were divorced by decree of the city court of East St. Louis. The decree made certain recitals and orders with reference to the payment of alimony. On August 30, 1937, the defendant appellee filed his petition to modify the decree, in which he asked to be relieved of further payments of alimony. On September 17, 1937, the trial court entered an order allowing this petition and leaving defendant appellee free from further payments. On September 28th,—12 days after said order, plaintiff appellant filed her motion to set aside the said order of September 17, 1937. On October 16, 1937, the court took up this motion for consideration, heard evidence on the same and ordered that the cause be continued until October 23, 1937. On October 23, 1937, the motion to set aside the default and order of court entered on September 17, 1937, was allowed and the same set aside and vacated and the cause continued as to the motion to modify the decree. On the 16th day of July, 1938, the court entered its order *nunc pro tunc* as of October 16, 1937, modifying the decree and reducing the alimony to be paid to the sum of $25 per month.

The route by which the trial court reached its destination is so palpably out of line with all recognized procedure that it renders unnecessary any decision by us upon what would be the effect of this last so-called order with reference to the merits of the case. It is obvious at a glance that the minutes made by the court on October 16, 1937, do not amount to a judgment. It is equally obvious that on October 23, 1937, the court vacated and set aside the order it had made on September 17, 1937, defaulting plaintiff appellant and al-

lowing the petition of defendant appellee to modify the decree. It is clear that the court was without authority or jurisdiction to enter a *nunc pro tunc* judgment as there was nothing to even suggest a judgment in the proceedings of the court to which the *nunc pro tunc* order refers. Indeed the record affirmatively shows that no judgment was entered or intended. In *Wiggins v. Union Trust Co.*, 266 Ill. App. 560, we said:

"The office of an order *nunc pro tunc* is only to supply some omission in the record of an order which was really made but omitted from the record. If an order is actually made by the court, but there is a failure to enter it, the court may correct the mistake in failing to enter the order, and make the record show the order which the court actually made as of the time it was made. No court has a right to create an order by that method or to supply an order which was never in fact made. A *nunc pro tunc* order cannot be made to supply an omission to make an order, but only an omission in the record of the order. *Lindauer v. Pease,* 192 Ill. 456; *People v. Rosenwald,* 266 Ill. 548, 554.''

The order of October 23rd vacating and setting aside the former order of September 17, 1937, left in full force and effect the decree as it stood at that time with reference to the payment of alimony and all other matters.

If this matter is hereafter presented to the court properly the court will doubtless exercise its sound discretion with reference to the merits of the case in harmony with section 18 of the Divorce Act [Ill. Rev. Stat. 1937, ch. 40, § 19; Jones Ill. Stats. Ann. 109.186], and the numerous cases by our Appellate and Supreme Courts construing that section.

The present record cannot stand. The judgment of the trial court is reversed.

*Judgment reversed.*