CURTIS, Administrator, Appellant, vs. GILLIE and another, Respondents.

*November 3—December 2, 1941.*

208

*E. C. Smith* of Tomahawk, for the appellant.

*Frank E. Hebert* of Tomahawk, for the respondent Laura E. Gillie.

For the respondent Bradley Bank there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt*.

FRITZ, J. Plaintiff is the administrator *de bonis non* of the estate of Katherine Rooney, who died intestate on December 26, 1932, survived by her adult son, Charles Rooney, who was her sole heir. Her estate consisted only of her homestead, valued at $1,800, and personal property, valued at $150.10. The homestead was subject to mortgages, liens, and taxes aggregating $2,700; and as the expenses of her last sickness and funeral were $325, her personal property was insufficient to pay the expenses of her last sickness and funeral and the costs of administration. In March, 1933, Edgar Welfley was appointed administrator of the estate, and

he took possession of the homestead and rented it to the defendant, Laura Gillie, at $35 per month. Up to May, 1934, he had collected $385 as rent, and also $32.80 as insurance money on a windstorm loss. On January 6, 1933, Charles Rooney died. His will devised and bequeathed his entire estate to Mrs. Dan Tierney, who conveyed the Katherine Rooney homestead to Laura Gillie on May 8, 1934. Thereafter she paid $35 per month to the defendant, Bradley Bank, to apply on the purchase price of mortgages which it held on the homestead; and Welfley, as administrator, consented to her making such payments for that purpose. Upon the removal of Welfley as administrator in August, 1939, George G. Curtis was appointed his successor, and the county court ordered Welfley to turn over to Curtis $91.59, which was the net balance of the rents collected by Welfley after deducting expenditures. On February 17, 1940, Mrs. Dan Tierney assigned to Laura Gillie the claim for all rents for the homestead since the date of Katherine Rooney's death.

The trial court concluded that the homestead was not subject to Katherine Rooney's debts and liabilities; that therefore, under sec. 312.04, Stats., the administrator was not entitled to the possession or rents of the homestead, and his complaint to recover such rents must be dismissed; that the rents collected by Welfley, as administrator, from Laura Gillie were the property of Mrs. Dan Tierney, and the administrator was liable to her for such rents; and that as Laura Gillie has succeeded, as assignee, to Mrs. Dan Tierney's claim against Welfley as administrator, and the plaintiff, as his successor as administrator, has the sum of $91.59 received by him from Welfley as the net proceeds of the rent collected by him, Laura Gillie is entitled to recover that amount on her counterclaim against the plaintiff.

These conclusions and the judgment entered thereon must be sustained. Under secs. 237.02 (3) and 237.01, Stats., Katherine Rooney's homestead descended, upon her dying

intestate, to her sole surviving child, Charles Rooney, who was then an adult. Thereupon there became applicable to the homestead the provisions in sub. (4) of sec. 237.02, Stats. 1931, that—

". . . if there be no widow or minor child of such deceased owner of any homestead living at the time of his death such homestead shall be subject to and charged with the expenses of his last sickness and of his funeral and the costs and charges of administration."

Although a homestead is subjected, by virtue of that provision, to such expenses of last sickness and funeral, and costs and charges of administration, there is no provision in either sec. 237.02 or elsewhere in ch. 237, Stats., in respect to the possession of a homestead during the pendency of administration proceedings. At common law an executor or administrator had no right to the possession of the real estate of his decedent or to the rents and profits thereof. *Jones v. Billstein,* 28 Wis. 221; *McNamany v. Sheridan,* 81 Wis. 538, 542, 51 N. W. 1011; Gary, Wisconsin Probate Law (4th ed.), § 217. In 1932, when Katherine Rooney died, the right of an administrator to the possession of the real estate of a decedent, and the rents and profits thereof, was governed by the provisions in sec. 312.04, Stats. 1931, that,—

"The executor or administrator *shall have a right to the possession* of all the real as well as personal estate of the deceased, *except the homestead when it is not subject to the debts and liabilities* of the deceased owner, and *may receive the rents,* issues and profits of the real estate, *except the homestead when it is not subject to the debts and liabilities* of the deceased owner, until the estate shall have been settled or until delivered over, by order of the county court, to the heirs or devisees. . . ."

Under these provisions an administrator is not entitled to the possession and rents of a decedent's homestead during the administration of an estate "when it is not subject to the debts and liabilities of the deceased owner."

Consequently, whether the administrator of Katherine Rooney's estate was entitled to the possession of her homestead and the rents thereof depends upon whether the homestead was subject to her "debts and liabilities," as those words are used in secs. 312.04 and 237.02 (4), Stats. 1931. They are used in the provision in sec. 237.02 (4), Stats., which reads,—

". . . if there be no widow and no child and no child of any deceased child of such deceased owner of any homestead such homestead shall be subject to all the debts and liabilities of such deceased owner."

When the condition as to heirship, which is stated in this provision, exists so that, by reason thereof, the homestead is made subject to all debts and liabilities of the deceased owner, then the homestead is within the exception stated in sec. 312.04, Stats. 1931, which is quoted above, and because it is so subjected, when that condition as to heirship exists, to all such debts and liabilities, the representative of the decedent's estate is entitled in that event to the possession of the homestead. However, when, as in the case at bar, the decedent is survived by an adult child or children, and there is no widow or minor child or child of a deceased child, then, in determining whether the representative is entitled to possession of the decedent's homestead, there is applicable only the provision in sub. (4) of sec. 237.02, Stats., which reads,—

". . . if there be no widow or minor child of such deceased owner of any homestead living at the time of his death such homestead shall be subject to and charged with the expenses of his last sickness and of his funeral and the costs and charges of administration."

In thus providing what the homestead "shall be subject to" if there is no widow or minor child of the deceased owner, there are no such words as "all debts and liabilities" of the deceased owner. Consequently in thus providing expressly that the homestead of such a decedent shall be subject to the

expenses of last sickness and funeral and costs and charges of administration, but omitting, in this connection, to include also some such words as "debts and liabilities of the deceased owner" to which the homestead is expressly subjected by the proviso which immediately follows in sec. 237.02 (4), Stats. (but which is applicable only "if there be no widow and no child and no child of any deceased child of such deceased owner"), it was evidently the legislative intent that when the homestead descends to an adult child or children, it shall not be subject to debts and liabilities of the deceased owner. As this court said in *Milwaukee Trust Co. v. Clark Realty Co.* 146 Wis. 230, 235, 131 N. W. 358,—

"If the surviving issue shall not be minor children of such deceased woman, the homestead shall be subject to and charged with the expense of her last sickness and of her funeral, and the costs and charges of administration, but it is not liable for debts in the ordinary sense of the latter term. This is apparent from the proviso of sec. 2271 [now 237.02] which relates to a case in which the homestead is subject to debts. But that is not the case here. The averments of the petition show that the homestead here was not subject to the debts and liabilities of the deceased owner under sec. 2271 [now 237.02]. It cannot, therefore, under the new section, 3874a, Stats., be sold to pay the amount of the charges of administration, because that section expressly excepts the homestead when it is not subject to the debts and liabilities of the deceased owner."

It follows that when Katherine Rooney's homestead descended to Charles Rooney, her adult son and sole surviving heir, it was not subject to her debts and liabilities, under sec. 237.02 (4), Stats. 1931; and that because it was not subject thereto neither plaintiff nor his predecessor, as administrator of her estate, was entitled, under sec. 312.04, Stats., to the possession of the homestead or the rent thereof. Consequently plaintiff cannot recover such rent in this action; and, on the other hand, Laura Gillie is entitled, as the assignee

of all claims for rent accruing since Katherine Rooney's death, to recover on her counterclaim herein the sum of $91.59, which plaintiff received from his predecessor as administrator, as the net proceeds of the rent collected by the latter.

*By the Court.*—Judgment affirmed.